UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD PRYOR
PLAINTIFF,

CASE NO.
HON.

V.

WAYNE COUNTY and
DEPUTIES JOHN/JANE DOES
Jointly and Severally,
DEFENDANTS.
_________________________________/

LILLIAN DIALLO, (P52036)
RONNIE E. CROMER, JR., (P59418)
Diallo, Cromer, Toussaint, Posey & Polk, PLLC
65 Cadillac – Ste. 2605
Detroit, MI 48226
313-965-6633 (office)
313-965-9858 (facsimile)
_________________________________/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties arising out of the same transaction or occurrence as alleged in this complaint that is either pending, or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT AND JURY DEMAND

**NOW COMES your Plaintiff, EDWARD PRYOR**, by and through his attorneys, **DIALLO, CROMER, TOUSSAINT, POSEY & POLK, PLLC**, for his Complaint, states as follows:

1. This lawsuit arises out of the assault and battery, harassment and mistreatment suffered by Edward Pryor while he was incarcerated in the Wayne County Jail and in custody of the above named Defendants.

2. The claims made by Plaintiff are comprised of federal civil rights claims pursuant to 42 U.S.C. Sec. 1983 and the 8th and 14th Amendments of the United States Constitution, and

pursuant to 28 U.S.C. Secs. 1331 and 1343 providing the court with supplemental or pendent jurisdiction upon Michigan state statutes and common law.

3. Plaintiff Pryor is a resident of the City of Detroit, County of Wayne and State of Michigan.

4. Defendant Wayne County is a home-rule charter county.

5. Defendant deputies/officers John and Jane Does are employees of the Wayne County Sheriff Department and are residents of the County of Wayne, State of Michigan.

6. That the Defendant deputies/officers John and Jane Does, upon information and belief, were all acting under color of law, that being under the color of statutes, ordinances, regulations, policies, customs and usages of Wayne County Jail and/or Wayne County Sheriff's Department and/or Wayne County government.

7. The amount in controversy exceeds $75,000.00 exclusive of interests, costs and fees.

**COMMON ALLEGATIONS**

8. Plaintiff hereby reinstates and re-alleges the allegations contained in paragraphs 1 through 7 as fully set forth herein.

9. On November 1, 2008 was incarcerated in the Wayne County Jail awaiting disposition of a case.

10. That on said date the Plaintiff, without provocation, was viciously attacked and beaten by four (4) inmates of the Wayne County Jail.

11. That Plaintiff was stabbed in his torso and sustained permanent damage to his eye, requiring surgery.

12. That the Plaintiff prior to the above attack, complained to jail staff on duty that inmates had been physically aggressive towards him, threatening him, and confiscating his commissary prior to the aforementioned attack.

13. That at all times pertinent to this matter, Plaintiff and the four (4) inmates were under the care and supervision of Defendants.
14. However, defendant officers/deputies on duty failed to take any action to stop the aggressive behavior and theft of Plaintiff's commissary.
15. In fact, even after said complaints were made, defendant officers/deputies would continuously leave the security booth and/or block unattended and/or unsupervised for up to one and half hours or more at a time.
16. The instant attacks as complained of herein occurred when defendant officers/deputies left the security booth and/or block unattended and/or unsupervised for almost two (2) hours.
17. That not only was the security booth and/or block unattended and/or unsupervised, but to add insult to injury, after being brutally attacked and beaten, the Plaintiff pressed the Emergency Assistance button for almost two (2) hours, to no avail, as it is believed that same is broken.
18. As a further display of deliberate indifference, when the defendant officer/deputy on duty did arrive back at the security booth and/or block, Plaintiff informed her of the attack and still no medical assistance was provided for him.
19. In complete disregard to the Plaintiff's safety concerns and medical needs, the defendant officer/deputy leaves the security booth and/or block unsupervised again for approximately 15-20 minutes a second time.
20. During this second unsupervised period, the same four (4) inmates find Plaintiff and again attack and beat him because he told the deputies about the earlier assault.
21. That after the second assault, Plaintiff again attempted to utilize the Emergency Assistance button, but again, no assistance of any kind responded.

## COUNT I
## VIOLATION OF 42 U.S.C. Sec 1983 AND THE
## 8TH AMENDMENT OF THE U.S. CONSTITUTION BY ALL DEFENDANTS

22. Plaintiff restates and re-alleges paragraphs 1 through 21 as though fully set forth herein.

23. As a citizen of the United States and a resident of the Wayne County Jail located in the State of Michigan, Plaintiff was entitled to all the rights, privileges and immunities granted to all citizens of the State of Michigan and of the United States.

24. At all times relevant, all Defendants were acting within the course and scope of their employment with the State of Michigan and the Department of Corrections and/or the Macomb County Jail, and were acting under the color of state law with the authority granted to them as corrections officers, supervisors and/or managers.

25. At all times relevant, pursuant to the 8th Amendment of the U.S. Constitution, Plaintiff had a right to be free from cruel and unusual punishment while incarcerated and in the custody and care of the State of Michigan at the Wayne County Jail.

26. At all times relevant, Plaintiff had a right to be free from physical aggression, assault, battery, harassment and mistreatment resulting in needless and preventable pain, suffering and distress.

27. At all times relevant, with malice and/or recklessness and/or deliberate indifference and/or with complete disregard, the Defendants knowingly and willingly regularly left security booths and/or blocks unsupervised for significant periods of time.

28. That said described actions and/or inactions were the proximate cause of the injuries as complained herein by your Plaintiff.

29. At all times, with malice and/or recklessness and/or deliberate indifference and/or complete disregard, Defendants knowingly and willingly allowed the four (4) unsupervised inmates to inflict physical and psychological abuse as aforementioned on two (2) occasions.
30. During the times that Plaintiff was emotionally and physically subjected to the barbarous acts of the four (4) inmates, pursuant to the 8th Amendment, were required to provide an environment free from physical and emotional abuse by other inmates and respond to Plaintiff's complaints in an effective, timely manner.
31. To the contrary, with malice and/or recklessness and/or deliberate indifference and/or complete disregard, Defendants failed to take timely action to prevent and/or stop any further physical abuse, assault, harassment and mistreatment of Plaintiff.
32. As an inmate in the Defendant Wayne County Jail, your Plaintiff was entitled to the public service of being treated in accordance with his constitutional rights and with jail regulations.
33. Defendants complete indifference and/or reckless disregard and/or exploitation of the Plaintiff's status as an inmate in the Defendant Wayne County Jail, deprived him of this service.
34. The actions and/or omissions of the Defendants constitute deliberate indifference to the complaints and serious physical and emotional nature of the assaults upon Plaintiff and demonstrate a reckless, willful and/or wanton disregard for the physical health and safety of Plaintiff, thereby denying him the constitutional right to be free from cruel and unusual punishment as provided by the 8th Amendment to the United States Constitution.
35. As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff suffered:

a. Continued physical pain and discomfort, bruises, contusions, injuries on and about his head;

b. Humiliation, degradation and embarrassment

c. Fear, anxiety and extreme mental anguish;

d. Emotional trauma;

e. Violation of his constitutional rights under the 8th and 14th Amendments to the United States Constitution; and

f. All economic and non-economic damages related to the above.

36. Through the aforementioned acts and/or omissions, Defendants have deprived Plaintiff of his rights secured by the 8th Amendment of the Constitution of the United States in violation of 42 U.S.C. Sec. 1983.

**WHEREFORE**, **Plaintiff EDWARD PRYOR** respectfully requests the following relief from this most Honorable Court:

a. Compensatory non-economic and economic damages in excess of $75,000.00, including but not limited to all damages recoverable under the United States Constitution and/or 42 U.S.C. Sec. 1983 and/or the relevant and applicable laws of the State of Michigan;

b. Punitive and exemplary damages for Defendants Napier and Doe's intentional conduct;

c. Emotional injuries;

d. Mental anguish and humiliation;

e. Other physical injuries to his person and permanent disability which may continue in the future;

f. Embarrassment;

g. Economic loss past, present and future;

h. Medical expenses, past present and future;

i. Reasonable attorney fees, costs and interest; and

j. Any other additional injuries recoverable under Michigan law including economic loss and past, present and future medical treatment needed as may be learned through continued discovery.

**COUNT II**
**42 U.S.C. Sec. 1983 VIOLATIONS BY WAYNE COUNTY**

37. Plaintiff restates and re-alleges paragraphs 1 through 36, as though fully set forth herein.

38. Prior to November 1, 2008, the Wayne County Sheriff's Office developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons who were being housed and/or held at Wayne County Jail, resulting in the violation of Plaintiff's constitutional rights.

39. It was the policy and/or custom of the Sheriff's office to knowingly leave inmates unsupervised on the block and exposed to untold foreseeable dangers for as long as approximately two (2) hours at a time.

40. It was the policy and/or custom of the Sheriff's office to knowingly ignore repeated complaints from inmates and visitors (including lawyers) that the Emergency Assistance (Red) Button did not work, thereby precluding officers/deputies from quickly responding to an inmate/visitor emergency on the block.

41. It was the policy and/or custom of the Sheriff's office to inadequately train deputies and/or officers working at the jail facility relative to never abandoning the post and/or security booth and/or block without ensuring that a replacement was available and present.

42. It was the policy and/or custom of the Sheriff's office to knowingly housing more inmates at the county jail than as required by law and/or mandated operating procedures.
43. It was policy and/or custom of the Sheriff's office to knowingly ignore complaints and/or allegations of verbal and physical assaults and/or mental abuse complaints from inmates against their abusive cell mates or the general population.
44. At all relevant times, it was the policy and/or custom of the Sheriff's office to inadequately train and supervise its deputies and/or officers with respect to the constitutional rights of inmates, thereby creating the atmosphere among deputies and/or officers that the above described actions and/or omissions were entirely acceptable.
45. The policies and/or customs of the Sheriff's office demonstrate a deliberate indifference by the policy makers of the Sheriff's office to the constitutional rights of the inmates within the Wayne County Jail and in particular, the constitutional rights of Plaintiff Pryor, resulting in the continued violation of his constitutional rights.

**WHEREFORE**, **Plaintiff EDWARD PRYOR** respectfully requests the following relief:

a. Compensatory non-economic and economic damages in excess of $75,000.00, including but not limited to all damages recoverable under the United States Constitution and/or 42 U.S.C. Sec. 1983 and/or the relevant and applicable laws of the State of Michigan;
b. Punitive and exemplary damages for Defendants Napier and Doe's intentional conduct;
c. Emotional injuries;
d. Mental anguish and humiliation;

e. Other physical injuries to his person and permanent disability which may continue in the future;

f. Embarrassment;

g. Economic loss past, present and future;

h. Medical expenses, past present and future;

i. Reasonable attorney fees, costs and interest; and

j. Any other additional injuries recoverable under Michigan law including economic loss and past, present and future medical treatment needed as may be learned through continued discovery.

**COUNT III**
**NEGLIGENCE/GROSS NEGLIGENCE OF ALL DEFENDANTS**

46. Plaintiff restates and re-alleges paragraphs 1 through 45, as though fully set forth herein.

47. At all relevant times, Defendants John/Jane Doe (numerous unnamed deputies and/or officers to be identified via discovery requests), and all other jail personnel that had knowledge of and/or came in contact with Plaintiff were acting within the course and scope of their employment with the Wayne County Sheriff's Department.

48. At all relevant times, Defendants John/Jane Doe (numerous unnamed deputies and/or officers to be identified via discovery requests), and all other jail personnel that had knowledge of and/or came in contact with Plaintiff, owed him a duty to ensure his health and safety and provide appropriate protection against physical and mental abuse from other Wayne County Jail inmates.

49. At all relevant times, Defendants John/Jane Doe (numerous unnamed deputies and/or officers to be identified via discovery requests), and all other jail personnel that had

knowledge of and/or came in contact with Plaintiff, individually and/or through their acts as employees and/or agents, breached their duty to Plaintiff Pryor by:

a. Failure to protect him from physical and mental abuse while incarcerated;

b. Failure to respond to his several verbal and written complaints of abuse at the hands of several known Wayne County Jail inmates;

c. Failing to permanently remove the several known Wayne County Jail inmates from having any direct contact with Plaintiff, after having received specific verbal and written complaints;

d. Failing to maintain sufficient personnel levels necessary to properly provide for the reasonable safety and health concerns of the Plaintiff and other similarly situated inmates;

e. Failing to require that all deputies and/or officers remain in the security booth and/or block at all times for the health and safety concerns of the Plaintiff and similarly situated inmates;

f. Failure to prevent the initial and subsequent physical and mental abuse inflicted upon him;

g. Failing to recognize the danger of housing inmates and leaving the unattended and/or unsupervised for extended periods of time;

h. Failing to recognize the dangers of providing for and/or posting and/or informing persons, inmates, and/or visitors of an Emergency Assistance (Red) Button system, when said system either does not work and/or deputies and/or officers fail to respond thereto;

50. As a direct and proximate result of the breaches of duty by Defendants John/Jane Doe (numerous unnamed deputies and/or officers to be identified via discovery requests), and all other jail personnel that had knowledge of and/or came in contact with Plaintiff, Plaintiff Pryor suffered the following:

a. Compensatory non-economic and economic damages in excess of $75,000.00, including but not limited to all damages recoverable under the United States Constitution and/or 42 U.S.C. Sec. 1983 and/or the relevant and applicable laws of the State of Michigan;

b. Punitive and exemplary damages for Defendants Napier and Doe's intentional conduct;

c. Emotional injuries;

d. Mental anguish and humiliation;

e. Other physical injuries to his person and permanent disability which may continue in the future;

f. Embarrassment;

g. Economic loss past, present and future;

h. Medical expenses, past present and future;

i. Reasonable attorney fees, costs and interest; and

j. Any other additional injuries recoverable under Michigan law including economic loss and past, present and future medical treatment needed as may be learned through continued discovery.

**WHEREFORE**, **Plaintiff EDWARD PRYOR** respectfully requests the following relief from this most

Honorable Court:

a. Compensatory non-economic and economic damages in excess of $75,000.00, including but not limited to all damages recoverable under the United States Constitution and/or 42 U.S.C. Sec. 1983 and/or the relevant and applicable laws of the State of Michigan;

b. Punitive and exemplary damages for Defendants Napier and Doe's intentional conduct;

c. Emotional injuries;

d. Mental anguish and humiliation;

e. Other physical injuries to his person and permanent disability which may continue in the future;

f. Embarrassment;

g. Economic loss past, present and future;

h. Medical expenses, past present and future;

i. Reasonable attorney fees, costs and interest; and

j. Any other additional injuries recoverable under Michigan law including economic loss and past, present and future medical treatment needed as may be learned through continued discovery.

Respectfully submitted

**DIALLO, CROMER, TOUSSAINT, POSEY & POLK, PLLC**

**/s/ LILLIAN DIALLO**

LILLIAN DIALLO, (P52036)

**/s/ RONNIE E. CROMER, JR.,**

RONNIE E. CROMER, JR., (P59418)

Dated: August 10, 2009

**JURY DEMAND**

**NOW COMES** your **Plaintiff EDWARD PRIOR**, and hereby respectfully demands a trial by jury in this matter.

Respectfully submitted

**DIALLO, CROMER, TOUSSAINT, POSEY & POLK, PLLC**

**/s/ LILLIAN DIALLO**

LILLIAN DIALLO, (P52036)

**/s/ RONNIE E. CROMER, JR.,**

RONNIE E. CROMER, JR., (P59418)

Dated: August 10, 2009