UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DWUAN FREEMAN,** | **CIVIL ACTION NO. 09-cv-13184** |
| **Plaintiff,** | **DISTRICT JUDGE GERALD E. ROSEN** |
| vs. | |
| | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| **CITY OF DETROIT, et al.,** | |
| **Defendants.** | |
| _____/ | |

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS (DOCKET NO. 26)

This matter comes before the Court on Plaintiff's Motion To Compel Depositions filed on October 11, 2010. (Docket no. 26). Defendant filed a response on October 29, 2010. (Docket no. 35). The parties filed a Joint Statement of Resolved and Unresolved Issues on February 10, 2011. (Docket no. 43). The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 33). The Court dispenses with oral argument on this matter pursuant to E.D. Mich. Local Rule 7.1(f). (Docket no. 34). The matter is ready for ruling.

Plaintiff brings this motion seeking to compel eight depositions and one Rule 30(b)(6) deposition pursuant to Fed. R. Civ. P. 37. The parties agree that Plaintiff served a Notice of Deposition for Defendant Officer Napier on March 3, 2010 prior to the close of the original discovery period. (Docket no. 35). Defense counsel argues that although he was not served with a Notice of Deposition for Defendant Napier's partner, Officer Michael McGinnis, he agreed as an "equitable matter" to produce Officer McGinnis for deposition. Allegedly Officer McGinnis was the only other police officer at the scene of the incident underlying this action. Both depositions are relevant. Fed. R. Civ. P. 26(b)(1). The parties agree that there was a timely Notice of Deposition

for Defendant Napier and an agreement that Officers Napier and McGinnis would be produced for deposition. It therefore strains the imagination to contemplate why these two depositions have not yet gone forward. (Docket no. 35 ¶ 25). The Court will grant Plaintiff's motion as to Defendant Officer Napier and Officer McGinnis and order that this depositions be completed immediately.

The remaining deponents at issue are the following non-party Detroit Police Department officers: Commander Catherine Tuttle, L. Gilbert, Paula King, O. Woodrum, Sergeant Hogan, and "Dukes" (hereinafter the "Named Deponents") and the Rule 30(b)(6) deponent. The issue is whether Plaintiff properly noticed them for discovery before the close of the discovery period.

On June 14, 2010 the Court entered an Order Granting An Extension Of Deadlines which set the new discovery cut-off as July 30, 2010 and stated that no further extensions would be allowed. (Docket no. 17). By the Court's Scheduling Order, "all discovery should be initiated in advance of the discovery cut-off date." (Docket no. 13). Plaintiff submitted a "proof of service" (docket no. 27) with his motion which states that a copy Notice of Deposition Duces Tecum for the FRCP 30(b)(6) deponent and the Notice of Deposition identifying the other named deponents "scheduled for July 30, 2010, was served upon counsel of record herein, at their respective address disclosed on the pleadings on July 27, 2010, by serving the same by U.S. mail first class postage prepaid, and by email to defense counsel at ashfjdetroitmi.gov (with prior consent to serve these notices via electronic communication) and by facsimile to 313-224-5505." (Docket nos. 26 ¶ 3 and 27).

The Court has reviewed the extensive documents submitted by Plaintiff including email correspondence between counsel, the proofs of service and subpoenas and transcript excerpts. (Docket nos. 26-32). The Court does not find evidence that the Named Deponents and the Rule

2

30(b)(6) deponent were properly served Notices of Deposition prior to the close of discovery. Defendants' counsel denies receiving the Notices prior to the close of discovery. To the extent Plaintiff alleges service by email, Defendants' counsel denies that he ever consented in writing to accept electronic service as required by Fed. R. Civ. P. 5(b)(2)(E). Plaintiff has not shown that Defendants consented in writing to electronic service. The Court finds that electronic service including email by Plaintiff was not proper service. Fed. R. Civ. P. 5(b)(2)(E).

Plaintiff also alleges service by mail, which Defendant denies. The Proof of Service is undated as to the date of its execution and alleges that the Notices of Deposition Duces Tecum of a Rule 30(b)(6) deponent and *seven* additional deponents were served on July 27, 2010 for deposition on July 30, 2010, allowing only three days notice of the deposition[1]. Plaintiff's actual motion does not allege a specific date of service of the "Notice of Deposition" for the Named Deponents and only generally alleges that it was served "prior to the expiration of the discovery deadline." (Docket no. 26 p. 2).

The Notices which Plaintiff claims were served on July 27, 2010 and which are the subject of this motion were not provided with Plaintiff's Motion as required by E.D. Mich. Local Rule 37.2, thus bolstering the argument that the depositions were not properly noticed on July 27, 2010. The Court cannot review the Notices of Deposition for their compliance with Fed. R. Civ. P. 30, including the propriety of the Rule 30(b)(6) Notice[2]. The Court makes no finding regarding the

---

[1] The July 1, 2010 email from Plaintiff's counsel to Defendants' counsel purports to transmit Defendant Officer Napier's Notice of Deposition and does not address these other deponents. (Docket no. 27).

[2] The "Re-Notice" of Deposition which purports to have been served on September 14, 2010 appears overly broad in that it seeks information "from 1986 to the present", more than two decades (and multiple police department and city administrations prior to the underlying incident

3

relevance of the Named Deponents. Even if the Court were to believe that service occurred prior to the close of discovery and was proper, the Court finds that three days notice for a Rule 30(b)(6) deponent and seven additional deponents is not the "reasonable written notice" required of Fed. R. Civ. P. 30(b)(1).

Plaintiff did not obtain and serve subpoenas on the named deponents until September 17, 2010 and again on September 29, 2010[3] and then for only Officer McGinnis, Commander Tuttle, Sergeant Hogan and the Rule 30(b)(6) deponent. (Docket nos. 28 pp. 22-28; 30 pp. 12-19). Plaintiff's Re-Proofs of Service and Re-Notice of Depositions in September 2010 were untimely. (Docket no. 30 pp. 2-3).

Despite Plaintiff's allegation that the parties agreed to take these depositions at a later date, Defendants do not concur and there is no written correspondence from Defendants' counsel to support Plaintiff's argument that the parties had stipulated to extend the time for these depositions. (Docket no. 27 p. 13 of 13). Plaintiff has not shown that the parties had an agreement to extend discovery as to these matters. Fed. R. Civ. P. 29. In fact, in a September 22, 2010 email, Defendants' counsel unequivocally stated, "Please be advised, I do not intend to produce all of the witnesses you seem to be requesting since Discovery ended long ago. However, I am willing to produce Officer Napier and Officer McGinnis as promised." (Docket no. 30, p.6).

---

in this action). (Docket no. 28 pp. 10-12).

[3] The Court notes that none of these subpoenas identifies "the court from which it issued," in other words, the subpoenas indicate in their captions that they are "Issued by the United States District Court" but are incomplete in that they do not identify the district. Fed. R. Civ. P. 45(a)(1)(A)(i). Some of the subpoenas are unsigned by the issuing officer. (Docket no. 30). The Proofs of Service also indicate that the later subpoenas were in some instances served on the "officer in charge" instead of on the named deponent. (Docket no. 30).

4

Pursuant to the Court's scheduling order, "[a]ll motions to compel disputed discovery . . . including deposition objections, must be filed within 14 days of receipt or notice of such disputed discovery." (Docket no. 13 ¶ 2(A)).  Plaintiff knew on September 22, 2010, more than 14 days prior to filing this motion, that Defendants were not going to produce any deponents other than Defendant Officer Napier and Officer McGinnis.  Therefore, Plaintiff's Motion as to the Named Deponents and the Rule 30(b)(6) deponent is untimely and Plaintiff has not made a showing of extraordinary good cause for extending this deadline. For all of these reasons, the Court will deny Plaintiff's Motion To Compel Depositions of all deponents except Defendant Officer Napier and Officer McGinnis.

Plaintiff also asks the court to extend the deadline to respond to Defendant's Motion For Summary Judgment until fourteen days after the final depositions are concluded.  Although Plaintiff has already filed a response as required by the Court's scheduling order the Court will grant Plaintiff's request as set forth below.  (Docket no. 39).

**IT IS THEREFORE ORDERED** that Plaintiffs Motion To Compel Depositions (docket no. 26) is **GRANTED** in part as follows:

    a.    The depositions of Defendant Officer James Ivan Napier and Officer Michael McGinnis will go forward and be completed on two dates within 14 days of entry of this order, with each deposition not to exceed one day of seven hours and to be completed in accordance with Fed. R. Civ. P. 30(d)(1) and the parameters set forth in the Court's Scheduling Order (docket no. 13);

    b.    Plaintiff may file an Amended Response To Defendant's Motion For Summary Judgment within fourteen (14) days of the completion of the latter of Defendant Officer Napier's and Officer McGinnis's depositions.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's Motion To Compel Depositions, including the request for sanctions, is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys fees and costs is **DENIED**. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

**FAILURE TO COMPLY WITH THIS COURT'S ORDER AS SET FORTH HEREIN MAY RESULT IN SANCTIONS INCLUDING THOSE SET FORTH IN FED. R. CIV. P. 37(b)(2).**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 5, 2011    s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 5, 2011    s/ Lisa C. Bartlett
Case Manager