
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWUAN FREEMAN,

        Plaintiff,                No. 09-CV-13184

vs.                                      Hon. Gerald E. Rosen

CITY OF DETROIT AND DETROIT
POLICE OFFICER JAMES NAPIER,

        Defendants.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO DEEM ADMISSIONS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         May 24, 2011

PRESENT:   Honorable Gerald E. Rosen
                      United States District Chief Judge

I. INTRODUCTION

This matter is presently before the Court on Plaintiff Dwuan Freeman's Motion to Deem Admissions to have been admitted by Defendant Police Officer James Napier. Defendant, through counsel, has responded to Plaintiff's Motion.

Having reviewed and considered the parties' briefs and supporting exhibits, and the entire record of this matter, the Court finds that the pertinent facts and legal contentions are sufficiently presented in these materials, and that oral argument would not assist in the resolution of this matter. Accordingly, pursuant to Eastern District of

1

Michigan Local Rule 7.1(f)(2), the Court will decide Defendant's motion "on the briefs." This Opinion and Order sets forth the Court's ruling.

## II.  DISCUSSION

Plaintiff claims that on July 7, 2010, he served upon Defendant James Napier 57 Requests for Admission and therein informed Defendant that his responses were due within 30 days, i.e., on August 9, 2010.  No proof of service, however, has been filed or otherwise provided to the Court verifying this assertion.  Nor has Plaintiff filed or otherwise provided to the Court a copy of these Requests for Admission.  Eastern District of Michigan Local Rule 26.2 requires the filing of such discovery requests when, as here, they provide factual support and/or are germane to a party's motion.  *See also*, Fed. R. Civ. P. 5(d)(1) (requiring the filing of depositions, interrogatories, requests for documents or tangible things or to permit entry on land, *and requests for admission* when they are used in the proceeding)

Defendant's counsel, however, claims that he was never properly served with the Requests for Admission but that on *September 21, 2010*, nearly two months *after* the discovery cutoff and three weeks after the motion cutoff and after Defendants had filed their motion for summary judgment in this case, Plaintiff's counsel sent defense counsel an e-mail which included copies of a number of purportedly outstanding deposition notices and discovery requests -- including the disputed Requests for Admission.  Service by e-mail, however, is not permitted unless the person being served consented to such

2

electronic service *in writing.* Fed. R. Civ. P. 5(b)(2)(E). According to this e-mail correspondence, it appears that Plaintiff's counsel had been attempting service upon Defendant by e-mail throughout the discovery period, but defense counsel never received the prior emails. Although if consented to, service by electronic means is normally complete "upon transmission," it "is not effective if the serving party learns that it did not reach the person to be served." *Id.*[1] In any event, after receiving the September 21 electronic copy of the Requests for Admission, on October 12, 2010, Defendant responded to them on October 12, 2010.

Having failed to establish proper service of the Requests for Admission during the discovery period, Plaintiff is precluded from attempting to deem the Requests admitted based on Defendant's failure to respond within 30 days of July 7 or 10, 2010 (i.e., the dates on which Plaintiff alleges to have originally served Defendant).

Furthermore, even assuming Plaintiff properly served Defendant with the Requests in July 2010 (within the discovery period), his Motion to Deem Admissions was not filed until September 29, 2010. The Scheduling Order entered by the Court in this matter provides that any discovery motions must be filed within 14 days of the date that requested discovery was due. [*See* January 7, 2010 Scheduling Order, ¶ 2A (Dkt. #

---

[1] Included among the correspondence and pleadings emailed to defense counsel on September 21, 2010 was an unsigned purported "proof of srvice" which stated that Plaintiff's counsel personally hand-delivered the disputed Requests for Admission to the City of Detroit Law Department on July 10, 2010 (*See* Defendant's Ex. A). However, the City Law Department was closed and its doors locked on July 10, 2010 as it was a ***Saturday***. No delivery was ever received by Defendant's counsel.

3

13); *see also* June 14, 2010 Order Granting Extension of Deadlines (Dkt. # 17) (extending deadlines but providing that "[i]n all other respects, the provisions of the original Scheduling Order remain in full force and effect.").] Plaintiff's Motion to Deem Admissions was not filed within this 14-day time limit.

Plaintiff argues that Requests for Admission are not a general discovery device and, therefore, he did not have to comply with July 31, 2010 discovery deadline set in this case or the Court's 14-day discovery motion rule. While it is true that the Sixth Circuit did state in *Misco, Inc. v. United States Steel Corp*, 784 F.2d 198 (6th Cir. 1986), that "Requests for admissions are not a general discovery device," *id*. at 205 (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2253 at 706 & n. 23 (1970)), compliance with court-ordered deadlines was not addressed in that case. The only issue presented in *Misco* with respect to requests for admission was whether the district court had abused its discretion in determining that all but 18 of the 2,028 requests for admission served by the plaintiff upon the defendant were actually interrogatories, and therefore, subject to the local court rule then effect which limited the number of interrogatories that may be propounded to 30. *Id*. The appellate court found no abuse of discretion, holding that

> [A] district court has broad discretion in regulating discovery. (Citation omitted). Misco's filing of 2,028 "requests for admissions" was both an abuse of the discovery process and an improper attempt to circumvent the local district court rule which limited the number of interrogatories to thirty. Accordingly, the district court clearly acted properly in limiting Misco's discovery in this respect.

784 F.2d at 206.

As a number of courts within this Circuit have noted, there is a split among the circuits and dissension among the district courts as to whether requests for admission are subject to discovery deadlines in scheduling orders. *See e.g., EEOC v. Rent-a-Center, Inc.*, 2001 WL 1096273 at *3 text & fns. 2, 3 (W.D. Tenn. 2001), and cases cited therein. The majority view, however, appears to be that they are. *See e.g., United States v. Guidant Corp.*, 2010 WL 2838539 (M.D. Tenn. 2010); *3M Innovative Properties Co. v. DuPont Dow Elastomers, LLC*, 2005 WL 6007042 at *2 (D. Minn. 2005); *Brodeur v. McNamee*, 2005 WL 1774033 at *2 (N.D.N.Y. 2005); *Shroyer v. Vaughn*, 2002 WL 32144316 at *2 n. 2 (N.D. Ind. 2002). As the court observed in *Jarvis v. Wal-Mart Stores, Inc.*, 161 F.R.D. 337, 339 (N.D. Miss. 1995), it is by no coincidence that Rule 36 is located under the heading of "Depositions and *Discovery*" in the Federal Rules of Civil Procedure, and therefore, should be subject to the same deadline rules as all other general discovery requests.

As the District Court for the Middle District of Tennessee found in *United States v. Guidant*, the better reasoned cases hold that requests for admission are subject to court-ordered discovery deadlines. 2010 WL 2838539 at *2. "Moreover, from the practical, utilitarian standpoint, to exempt requests for admission from the court's deadlines here would permit the parties to serve requests on their adversaries without limitation -- and potentially generate discovery disputes -- right up to the trial date." *Id.*

5

This Court agrees with these cases and joins the majority in concluding that requests for admission are subject to the deadlines set by the Court in its Scheduling Orders.

Plaintiff's Motion to Deem Admissions here was filed well-beyond the expiration of the 14-day deadline provided in the Court's Scheduling Order. Therefore, the Motion will be denied.

However, even assuming the timeliness of Plaintiff's Motion to Deem Admissions would not necessarily mean that Plaintiff is entitled to a ruling in his favor on this matter.

Pursuant to Rule 36, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). A court may allow a party to amend or withdraw its responses when (1) it would be beneficial to the presentation of the merits of the case and (2) it would result in no prejudice to the party obtaining the admission in its claims or defenses. *O'Neill v. Medad*, 166 F.R.D. 19, 22 (E.D. Mich. 1996); *see also St. Regis Paper Co. v. Upgrade Corp.*, 86 F.R.D. 355, 357 (W.D. Mich. 1980) (a court may allow a party to amend or withdraw defaulted admissions to assist in the "normal, orderly presentation of the case" absent a showing of prejudice by the other party.)

The first prong of this test is satisfied when the admissions would "practically eliminate" the presentation of the contested issues by the parties. *See EEOC v. Rent-a-Center*, *supra*, 2001 WL 1906273 at *2. This prong, therefore, would be satisfied by

allowing Defendant's "admissions by default" (due to untimeliness of responses) to stand. The second prong is only satisfied, however, if Plaintiff can show he would suffer prejudice in the event the Court allowed Defendant to withdraw the defaulted admissions by permitting his October 12, 2010 responses to stand. *See id.*

In this case, the discovery deadline has passed, depositions have been taken, interrogatories and other discovery devices have been propounded and responses provided. The requests for admission did not influence Plaintiff in his decisions in discovery, i.e., he did not decide whose depositions to take or what interrogatories to propound based upon the defaulted admissions. All matters on the Scheduling Order (except for the final pretrial conference and trial itself) have been completed. Plaintiff has not articulated any prejudice due to the unavailability of witnesses, for example, that may result if the defaulted admissions are withdrawn. Furthermore, Defendant Napier moved in a timely manner to respond to the requests for admission once they were finally received by his counsel.

The only prejudice Plaintiff can assert is that he will have to prove the merits of his case rather than simply relying on the defaulted admissions to establish his claims. There is no prejudice in requiring a plaintiff to perform the tasks he originally set out to fulfill by bringing a lawsuit. *See EEOC v. Rent-a-Center, supra.* Requiring Mr. Freeman to prove his case and attempt to prevail on the merits "is the most fundamental one for the plaintiff and cannot be considered prejudicial under any circumstance." *Id.*

7

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Deem Admissions **[Dkt. # 22]** is DENIED.

                            s/Gerald E. Rosen
                            Chief Judge, United States District Court

Dated: May 24, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2011, by electronic and/or ordinary mail.

                            s/Ruth A. Gunther
                            Case Manager