UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWUAN FREEMAN,

          Plaintiff,                          No. 09-CV-13184

vs.                                          Hon. Gerald E. Rosen

CITY OF DETROIT AND DETROIT
POLICE OFFICER JAMES NAPIER,

          Defendants.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          June 24, 2011         

PRESENT:   Honorable Gerald E. Rosen
                           United States District Chief Judge

This matter is presently before the Court on Plaintiff's June 1, 2011 Motion for Reconsideration of the Court's May 16, 2011 Opinion and Order granting Defendant City of Detroit's Motion for Partial Summary Judgment. Plaintiff makes no new substantive arguments in seeking reconsideration of the Court's ruling that Defendant was entitled to summary judgment on Plaintiff's *Monell*-based policy and practice/ failure to train claim. Rather, his Motion for Reconsideration is based entirely upon his argument that the Court acted prematurely in entering its Opinion and Order on May 16.

As indicated in the Court's May 16, 2011 Opinion, Defendant's Motion for Partial

1

Summary Judgment was filed on August 30, 2010. Plaintiff did not timely file a response to Defendant's Motion. It was only after being ordered to respond to the Motion [see Dkt. # 36] that Plaintiff finally filed his Response on December 17, 2010. In that Response, Plaintiff requested that the Court hold in abeyance its ruling on Defendant's Motion to allow for the Magistrate Judge to render her decision on Plaintiff's then pending Motion to Compel Depositions. The Court complied with Plaintiff's request.

The Magistrate Judge issued her ruling on the Motion to Compel on April 5, 2011. In her Order, the Magistrate Judge granted Plaintiff's Motion to Compel the depositions of Defendant Napier and Officer McGinnis, but denied the Motion as to the 7 other depositions Plaintiff sought -- the depositions of six other non-party Detroit Police Officers and one Rule 30(b)(6) deponent -- because Plaintiff did not properly notice these deponents for discovery before the close of the discovery period.[1] The Magistrate Judge's Order was explicit:

> IT IS THEREFORE ORDERED that Plaintiffs [sic] Motion to Compel Depositions (docket no. 26) is GRANTED in part as follows:

---

[1] With respect to the depositions of Officers Napier and McGinnis, noting that counsel for the parties were in agreement that Napier's deposition was timely noticed, and that, even though he had not received a timely notice for McGinnis, defense counsel had agreed in September 2010 to produce both Defendant Napier and McGinnis for their depositions, the Magistrate Judge stated, "It therefore strains the imagination to contemplate why these two depositions have not gone forward. [Therefore,] the Court will grant Plaintiff's motion as to Defendant Napier and Officer McGinnis and order that the depositions be completed *immediately*." [4/5/11 Order, Dkt. # 44 (emphasis added).]

    a.      The depositions of Defendant Officer James Ivan Napier and Officer Michael McGinnis will go forward and be completed **on two dates within 14 days of entry of this order**, with each deposition not to exceed one day of seven hours and to be completed in accordance with Fed. R. Civ. P. 30(d)(1) and the parameters set forth in the Court's Scheduling Order (docket no. 13);

    b.      Plaintiff may file an Amended Response To Defendant's Motion for Summary Judgment within fourteen (14) days of the completion of the latter of Defendant Officer Napier's and Officer McGinnis's depositions.

IT IS FURTHER ORDERED that the remainder of Plaintiff's Motion to Compel depositions, including the request for sanctions is DENIED.

[4/5/11 Order, Dkt. # 44 (emphasis added).]

Notwithstanding that the parties were explicitly and unequivocally ordered to complete the depositions of Napier and McGinnis within 14 days of April 5, 2011 -- i.e., by April 19, 2011 -- without requesting relief from the Magistrate Judge or this Court or otherwise seeking an amendment of the April 5th Order, the parties simply decided themselves to deviate from the deadline set by the Magistrate Judge and did not even commence the depositions until April 27, 2011. Defendant Napier was deposed on that date (April 27). McGinnis was deposed a week later, on May 5, 2011.

Plaintiff now argues that because they did not complete McGinnis's deposition until May 5, 2011, he had until May 19, 2011 to file an Amended Response, and the Court, therefore, erred when it entered its Opinion and Order three days earlier, on May

3

16, 2011.[2]

Plaintiff ignores the fact that he was given only until April 19 to complete Napier's and McGinnis's deposition and that, pursuant to Magistrate Judge Majzoub's Order, he, therefore, had only until May 3, 2011 to file an Amended Response. When no Amended Response was filed by that date, the Court properly proceeded with deciding Defendant's Motion for Partial Summary Judgment based on the record before the Court at that time.

The grounds for granting a Motion for Reconsideration are set forth in Eastern District of Michigan Local Rule Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). As indicated above, there was no "obvious, clear, unmistakable, manifest or plain" defect with regard to the Court deciding Defendant's Motion for Partial Summary Judgment on May 16, 2011.

---

[2] Though Plaintiff's counsel states he was in the process of drafting an Amended Response when the Court's Opinion was issued on May 16, no such Amended Response was ever filed. Indeed, even as of this date, he has made no effort to submit any such Amended Response for the Court's consideration.

The unilateral decision of counsel to postpone the depositions until April 27 and May 5 does not entitle Plaintiff to the relief he requests.  A court order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992) (citing *Gestetner Corp. v. Case Equip. Co*., 108 F.R.D. 138, 141 (D.Me.1985)).  Disregard of the order would not only undermine the court's ability to control its docket and disrupt the course of the litigation, but also it would effectively "reward the indolent and the cavalier."  *Id.*  Furthermore, from a practical standpoint, to permit Plaintiff here to take advantage of an independent agreement of counsel to expand the parameters of a court-ordered deadline would permit the parties to depose witnesses and potentially generate discovery disputes right up to the date of trial.  The Court will not condone such undermining of the public's interest in the prompt and efficient administration of justice.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration **[Dkt. # 49]** is DENIED.


        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated:  June 24, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 24, 2011, by electronic and/or ordinary mail.

        s/Ruth A. Gunther
        Case Manager

.